UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PURE INSURANCE COMPANY,

       Plaintiff,

                                   CASE NO:

v.

JOHN LINDEN, MELISSA LINDEN,
STAN ANTONUK, and MONIQUE ANTONUK

       Defendants.

_____/

## COMPLAINT

    PURE INSURANCE COMPANY hereby files this, its Complaint for Declaratory Judgment Relief and in support thereof states as follows:

    1.    PURE INSURANCE COMPANY is a Florida reciprocal insurer. Plaintiff is incorporated under the laws of the State of Delaware with its principal place of business in the State of Florida.

    2.    JOHN LINDEN and MELISSA LINDEN are *sui juris* and are citizens of the State of California.

    3.    STAN ANTONUK and MONIQUE ANTONUK are *sui juris* and are citizens of the state of New York.

    4.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.§ 1332 as it involves plaintiffs of different states than defendants and an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00).

5.    Venue in the Middle District of Florida is proper under 28 U.S.C. § 1391(a) because the delivery of the subject insurance policies occurred in Pinellas County, Florida which is within the territorial confines of the Tampa Division, Middle District of Florida.

6.    This Court is empowered to hear and resolve this declaratory judgment action pursuant to 28 U.S.C. § 2201.

## FACTUAL ALLEGATIONS

7.    Pure issued three policies of homeowners insurance with the Lindens listed as the insureds.  Each of the three policies provide coverage for occurrences that take place within the subject policy period.   The first insurance policy had effective dates from May 15, 2007 to May 15, 2008, under Policy Number HO 000292400.  The second insurance policy had effective dates from May 15, 2008 to May 15, 2009, under Policy Number HO001240300.  The third insurance police had effective dates from May 15, 2009 to May 15, 2010 under Policy Number HO 001240301.  (See Copy of policies attached hereto as Exhibit "A").

8.    Each of the subject policies, in Section III, provided liability coverage with limits of $1,000,000.00.  This section provided coverage under the following conditions:  "If a claim is made or a suit is brought against an insured for damages because of personal injury or property damage caused by an occurrence anywhere in the world to which this coverage applies."

9.    Under the subject policies, "personal injury" is defined as follows:

Personal Injury means injury or death arising out of one or more of the following:

a. Bodily injury;
b. Unlawful detention, false imprisonment or false arrest;
c. Shock or emotional distress;
d. Invasion of privacy;
e. Defamation, libel or slander;
f. Malicious prosecution;
g. Wrongful entry or eviction; or
h. Assault and battery when committed with the intent of protecting persons.

(See Exhibit "A", p. 5).

10.     A lawsuit has been filed by the Antonuks against the Lindens with the following counts: Defamation; Defamation by Implication; Conspiracy to Injure in Trade, Business, and Profession; Computer Fraud and Abuse Act; and Intentional Infliction of Emotional Distress.  This lawsuit was filed and is currently pending in the Middle District of Florida, Tampa Division, and is assigned case number is 8:10-CV-784-T-23TBM ("the underlying action").  (A copy of the Underlying First Amended Complaint is attached as Exhibit "B".)

11.     In the factual section of the First Amended Complaint in the underlying action, it is alleged that the Lindens, along with Kristi and Scott Mitchell (co-defendants in the underlying action), waged an:

> "ongoing and extensive campaign, beginning in June 2008 and continuing through today, in which the Defendants have joined together as conspirators, and agent for each other, and conspired together with a common intent and agreement to defame, disparage, and impersonate the Antonuks for the sole purpose of harassing, intimidating, and destroying Stan and Monique Antonuk's professional, person, and family lives."

(See Exhibit "B", p. 2-3).  Further, the factual section alleges that the attacks contained "fabricated and false factual claims" and that the statements were "intentionally false, malicious and defamatory *per se*".  (See Exhibit "B", p. 10-11).

12.     Pure believes that these incidents are not covered or otherwise insured by the subject policies and that it has no duty to defend or indemnify its insured under the terms and conditions of the subject insurance policies.

13.     The involved policies include a specific "Expected or Intended Injury" exclusion.  This exclusion provides as follows:

Section III – LIABILITY COVERAGE

...

D.  Exclusions
We do not provide coverage for damages, defense costs or any other cost or expense for:

...

16.  Expected or Intended Injury
Personal injury or property damage resulting from any criminal, willful, intentional, or malicious act or omission by any insured which is intended to result in, or would be expected by a reasonable person to cause personal injury or property damage. This exclusion applies even if the injury or damage is of a different kind or degree, or is sustained by a different person than expected or intended.  This exclusion does not apply to bodily injury if the insured acted with reasonable force to protect any person or property.

(See Exhibit "A", p. 27).

14.     As set forth in this exclusion, there is no duty to defend or indemnify the insured for any claims resulting from any criminal, willful, intentional, or malicious act or omission that is intended or expected to cause personal injury.

15.     The Lindens have been joined in this suit because they are the insureds under the subject policies of insurance and have or may seek benefits under said policies for the matters at issue in the underlying litigation.

16.    The Antonuks are joined in this litigation because they are the plaintiffs in the underlying litigation and may assert or claim some entitlement to coverage or benefits under the subject policies of insurance.

## COUNT I-DECLARATORY RELIEF

17.    Plaintiff, PURE INSURANCE COMPANY, hereby readopts and incorporates Paragraphs 1-14 as if fully set forth in this Count.

18.    PURE INSURANCE COMPANY is currently in doubt as to its rights and responsibilities under the subject policies and is uncertain as to its duty to indemnify and/or defend its insureds for the matters at issue and/or asserted in the underlying litigation.

19.    There is a presently existing controversy between the parties hereto as the underlying litigation has been filed and is currently pending and the facts alleged therein purport to or may trigger certain obligations under the subject policies at issue in this declaratory proceeding.

WHEREFORE, PURE INSURANCE COMPANY hereby respectfully requests that this Court:

1.    Assume jurisdiction over this matter;

2.    Declare the rights and responsibilities of the parties under the involved policies of insurance;

3.    Issue a declaration that PURE INSURANCE COMPANY has no duty to defend or indemnify any individual or entity who may qualify as an insured under the subject policies for the matters at issue in the underlying litigation; and

4.    Provide such additional relief as this Court deems is just and appropriate.


Joseph T. Kissane (Trial Counsel)
Florida Bar No.: 512966
Daniel R. Duello
Florida Bar No.: 068660
COLE, SCOTT & KISSANE, P.A.
4686 Sunbeam Road
Jacksonville, FL 32257
Phone: (904) 672-4000
Fax: (904) 672-4050
Daniel.Duello@csklegal.com
Attorneys for Plaintiff